**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AIDS HEALTHCARE FOUNDATION, INC.,**

    **Plaintiff,**

-vs-            Case No. 6:08-cv-1672-Orl-31DAB

**ORANGE COUNTY,**

    **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Intervene (Doc. 13) filed by BioScrip, Inc. ("BioScrip") and the response (Doc. 18) filed by the Plaintiff, Aids Healthcare Foundation, Inc. ("AHF").

Intervention is governed by Federal Rule of Civil Procedure 24, which provides in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> > ...
>
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> > (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> > > ...

>> (B) has a claim or defense that shares with the main action a common
> question of law or fact.
>
> (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

In the instant case, AHF is challenging Orange County's decision to award a contract for pharmacy dispensing services to BioScrip.  AHF was one of two unsuccessful bidders for the contract.  Relying on *Dairy Maid Dairy, Inc. v. United States*, 147 FRD 109 (E.D.Va. 1993), where the district court denied intervention by a successful bidder, AHF argues that BioScrip cannot intervene as of right because it lacks a protectable interest in the pharmacy contract.  But that case is inapposite.  In the *Dairy Maid* case, the unsuccessful bidder was challenging the government's application of the rules regarding bid protests.  *Id.* at 110-11.  The actual bid protest was proceeding in another forum, and the successful bidder was a party.  *Id.* at 112.  This matter, however, is not one that is ancillary to a bid protest.  Here, AHF seeks to void the contract awarded by Orange County to BioScrip.  As such, the Court finds that BioScrip has a protectable interest in the contract that is the subject of this dispute.

AHF also argues that the government will adequately protect BioScrip's interest, again relying on *Dairy Maid*.  Just as before, *Dairy Maid* is inapposite.  There, the subject of the dispute was the government's application of the rules for bid protests, not the application of the rules for the award itself.  If nothing else, in this case BioScrip possesses an economic interest that the government does not share.  The burden on the potential intervenor to demonstrate that existing parties cannot adequately represent its interests is "treated as minimal." *Clark v. Putnam County*, 168 F.3d 458, 461 (11the Cir. 1999).  The Court finds that burden has been met here.  BioScrip

will be permitted to intervene as of right pursuant to Rule 24(a). This moots its effort to intervene permissively pursuant to Rule 24(b). Pursuant to Rule 24(c), BioScrip also seeks to join in Orange County's motion to dismiss (Doc. 9), which will be treated as a joint motion. Accordingly, it is hereby

**ORDERED** that the Motion to Intervene (Doc. 13) is **GRANTED** in part and **DENIED AS MOOT** in part, as detailed above.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 22, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party