**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AIDS HEALTHCARE FOUNDATION, INC.,**
            **Plaintiff,**

-vs-                                            Case No. 6:08-cv-1672-Orl-31DAB

**ORANGE COUNTY, and BIOSCRIP, INC.,**
            **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 9) filed by the Defendant, Orange County, and the response (Doc. 14) filed by the Plaintiff, AIDS Healthcare Foundation, Inc. ("AHF").[1] Defendant BioScrip, Inc. ("BioScrip"), which recently intervened in the case, has joined in the County's motion.

**I.    Background**

AHF, a private non-profit corporation, has sued the County for allegedly violating Part A of the Ryan White Comprehensive AIDS Resources Emergency Act of 1990, 42 U.S.C. § 300ff *et seq.* (the "Ryan White CARE Act" or the "Act"), as amended. In Count One of its complaint (Doc. 1), AHF contends that the County violated the Ryan White CARE ACT by improperly awarding a contract for pharmacy dispensing services to a for-profit entity – Defendant BioScrip – rather than AHF. In Count Two, AHF seeks a declaratory judgment that the County's actions

---

[1] Orange County initially sought, in the alternative, to compel arbitration of AHF's claims, but it has withdrawn that portion of its motion. (Doc. 15).

violated various administrative and procedural requirements under state law and the Orange County Code.

## II. Jurisdiction

AHF contends that the Court possesses federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because its claims arise under federal law – the Ryan White CARE Act. Orange County contends that no such jurisdiction exists because the Act does not provide for a private right of action, and therefore AHF's contention that the County violated the Act does not give rise to a federal question.

It is axiomatic that the federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*. The federal question jurisdictional statute, 28 U.S.C. § 1331, provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally speaking, "[a] suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (Holmes, J.).

The County relies on *Merrell Dow Pharmaceuticals, Inc. v . Thompson*, 478 U.S. 804, 817 (1986) for the proposition that federal question jurisdiction requires the existence of a cause of action under the federal statute at issue. However, this reads *Merrell Dow* too broadly. In that case, the plaintiffs had not asserted any federal law claims. Rather, they contended that federal

-2-

question jurisdiction existed because an alleged violation of federal law was an element of their state law claims.[2]

After finding that Congress had not created a private right of action under the FDCA, the *Merrell Dow* court examined various federal interests that purportedly established the existence of federal-question jurisdiction despite the congressional preclusion of a federal cause of action, rejecting them all in turn. *Id.* at 813-17. In affirming the lower courts' dismissal, the *Merrell Dow* court concluded that

> a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*Merrell Dow*, 478 U.S. at 817.

The factual scenario is markedly different in the instant case, as AHF is not advancing a state law claim with a federal law element. Rather, AHF contends that its cause of action arises solely under the Ryan White CARE Act. However, even if AHF were pursuing a claim like the one at issue in *Merrell Dow*, the County's argument that a federal cause of action is a jurisdictional prerequisite would fail. In *Merrell Dow*, the court's determination that Congress had not created a private cause of action was not the end of the matter. The court went on to examine the various federal interests that were alleged to provide a basis for federal jurisdiction, something that would not have been necessary if, as the County argues, the existence of a federal cause of action is dispositive. In addition, the Supreme Court has stated that *Merrell Dow* did not convert a federal

---

[2]More specifically, the plaintiffs claimed that the Defendant had "misbranded" a prescription drug in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), and that this misbranding provided a rebuttable presumption of negligence as to their state law negligence claims. *Id.* at 805-06.

cause of action "from a sufficient condition for federal-question jurisdiction into a necessary one." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 317 (2005).

**III.     Rule 12(b)(6)**

Both sides agree that Congress did not explicitly set forth a private right of action under the Ryan White Act. On this basis, the County seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). AHF seeks to avoid dismissal for failure to state a claim on the grounds that Congress impliedly created such a private right of action.

In *Cort v. Ash*, 422 U.S. 66, 78 (1975), the Supreme Court established a four-part test for "determining whether a private remedy is implicit in a statute not expressly providing one."

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted"– that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* (quoting *Texas & Pac. Ry. Co. v. Rigsby*, 241 U.S. 33, 39 (1916) (additional citations omitted).

The Supreme Court has explained that the "central inquiry" in the *Cort* analysis is "whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 576 (1979). The bar for a showing of legislative intent on this issue is high. *McDonald v. Southern Farm Bureau Life Ins. Co.*, 291 F.3d 718 (11th Cir. 2002). "Congressional intent to create a private right of action will not be

presumed. There must be clear evidence of Congress's intent to create a cause of action." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1345 (11th Cir. 1997).

With regard to the first element of the *Cort* analysis, AHF argues that it is a member of one of the classes Congress intended to benefit by passage of the Ryan White CARE Act. The motivation for that Act is set forth as follows:

> It is the purpose of this Act to provide emergency assistance to localities that are disproportionately affected by the Human Immunodeficiency Virus epidemic and to **make financial assistance available to States and other public or private nonprofit entities** to provide for the development, organization, coordination and operation of more effective and cost efficient systems for the delivery of essential services to individuals and families with HIV disease.

42 U.S.C. § 300ff (emphasis added).

AHF argues that the bolded text shows that Congress intended to benefit "nonprofit entities," such as itself. The Court does not share AHF's imaginative interpretation. Based on this passage, Congress intended to benefit "localities that are disproportionately affected" by the HIV epidemic. Nonprofit entities such as AHF are vehicles by which such benefits are delivered, but they are not themselves intended to be the beneficiaries.

Turning to the second element of the *Cort* analysis, the text of the Ryan White CARE Act also does not suggest that Congress intended to create a federal remedy for disaffected non-profits such as AHF. Not only does the Act lack an explicit provision permitting such entities to bring suit, but it includes a provision requiring establishment of grievance procedures, culminating in binding arbitration (rather than litigation). 42 U.S.C. § 300ff-12.

As for the final two elements, neither side addresses them in any detail. Without the benefit of serious briefing by the parties, the Court makes no finding in regard to these elements.

However, the Court's findings in regard to the first two elements are sufficient for the Court to conclude that there is no implied right of action under the Ryan White CARE Act. AHF has therefore failed to state a claim under Rule 12(b)(6) and dismissal of Count I is required.

In addition, Count II seeks a declaratory judgment that the County violated state law and the Orange County Code. Although the Plaintiff contends that this Court possesses jurisdiction over that count pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, it is well established that the FDJA does not, itself, confer jurisdiction on the federal courts. *See*, *e.g.*, *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008) (stating same). Any jurisdiction the Court possesses over Count II must be found in the supplemental jurisdiction statute, 28 U.S.C. § 1367. With the dismissal of the Ryan White CARE Act claims in Count I, the Court finds it appropriate to dismiss Count II pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 9) is hereby **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 5, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party